UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD MICHAEL WILKISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:06-CV-802 (JCH) |
| ) | |
| ALAN BLAKE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Edward Wilkison's pro se Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, filed May 18, 2006. (Doc. No. 2). The matter is fully briefed and ready for a decision.

On February 8, 1996, Petitioner entered an Alford plea[1] in the Circuit Court of Stoddard Country, Missouri to one count of Statutory Sodomy in the First Degree. (Pet., Doc. No. 2). He was sentenced to a five year term of imprisonment. (Id.). Petitioner was civilly committed as a sexually violent predator[2] on August 21, 2002. (Resp., Doc. No. 6 Ex. A). Petitioner filed a motion for judgment notwithstanding the verdict or alternatively a new trial, which was denied on October 30, 2002. (Resp., Doc. No. 6 pg. 2). Petitioner did not file an appeal. (Id.).

Petitioner filed his Petition with the Court on May 16, 2006 and alleges the following grounds for relief:[3]

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970)(allowing a defendant to plead guilty without admitting guilt by acknowledging the government's evidence is sufficient to obtain a conviction).

[2] Missouri law allows the indefinite civil commitment of sexually violent predators. See Mo. Rev. Stat. §§ 632.480-.513.

[3] For the sake of clarity, the Court has edited Petitioner's claims.

1. The Missouri Sexually Violent Predator law ("Act") is unconstitutional because:

    a. the Act violates art. I, § 9, cl. 3 of the United States Constitution;

    b. the Act improperly allowed the State to lengthen his sentence;

    c. the Act is overly broad and vague;

    d. the Act allows the Missouri Attorney General to enforce the law selectively;

    e. the Act is unconstitutional as applied to him; and

    f. the Act violates Miller v. Florida, 482 U.S. 423 (1987).

2. He received ineffective assistance of counsel because his attorney failed to file an appeal for him.

## **DISCUSSION**

Respondent asserts that all of Petitioner's claims are untimely. The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for the commencement of federal habeas proceedings. 28 U.S.C. § 2244(d)(1). Generally, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. Id. at § 2244(d)(1)(A). The limitations period is tolled, however, while a "properly filed application for state collateral review is 'pending' before the state courts." Faulks v. Webber, 459 F.3d 871, 873 (8th Cir. 2006)(citing 28 U.S.C. § 2244(d)(2)).

Petitioner's state court judgment became final on October 30, 2002, the day his post-trial motion was denied. See Mo. S. Ct. R. 81.05(a)(2)(B). Petitioner had until November 11, 2002 to file an appeal to his commitment. Id. at 81.04(a). Thus, the statute of limitations began running on November 12, 2002. 28 U.S.C. § 2244(d)(1)(A); Fed. R. Civ. P. 6(a). Absent statutory tolling, the limitations period ran on November 12, 2003. 28 U.S.C. § 2244(d)(1). Petitioner did not file any motions that qualify as "properly filed application[s] for State post-conviction or other collateral

review" under § 2244(d)(2). Thus, the Petition is time-barred because it was filed on May 16, 2006, more than two years after the deadline of November 12, 2003.

The Court can equitably toll the statute of limitations when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000); see also Davis v. Puckett, 296 F. Supp. 2d 1027, 1031 (E.D. Mo. 2003) (discussing equitable tolling). Generally, a litigant seeking equitable tolling bears the burden of establishing that (1) he pursued his rights diligently; and (2) that some extraordinary circumstance stood in the way. Walker v. Norris, 436 F.3d 1026, 1033 (8th Cir. 2006)(citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner alleges that his counsel's failure to file an appeal provides a reason to equitably toll the statute of limitations. (Traverse, Doc. No. 7). The Eighth Circuit holds that "[i]neffective assistance of counsel generally does not warrant equitable tolling." Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002); accord Martin v. United States, 408 F.3d 1089, 1093(8th Cir. 2005)("Ineffective assistance of counsel, when it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard."). Upon consideration, the Court will not equitably toll the limitations period because Petitioner failed to diligently pursue his appeal or follow up with his attorney. Martin, 408 F.3d at 1096(petitioner must demonstrate that he diligently pursued the matter). Thus, the Petition is time-barred and will be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 2) is **DENIED**, and his claims are

**DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 119 S. Ct. 89 (1998).

Dated this <u>3rd</u> day of April, 2007.

<u>/s/ Jean C. Hamilton</u>
UNITED STATES DISTRICT JUDGE